Submitted on motion to transfer hearing from Pendleton to Salem, April 28, motion denied April 28, argued by appellant and submitted on brief by respondent, at Pendleton, May 4, affirmed June 16, 1925.

## JOHN HAYES v. JOHN H. CUMMINGS.

(235 Pac. 304; 236 Pac. 756.)

**Courts—Appeal from Circuit Court for Deschutes County Properly Heard at Pendleton.**

1. Under Section 3052, Or. L., an appeal from Circuit Court of Deschutes County, established by Laws of 1917, page 57, will be heard at Pendleton, notwithstanding it was cut out of Crook County, which is within the exception of the statute providing that appeals in such county be heard in Salem.

ON THE MERITS.

**Pleading—Amendment of Complaint to Conform to Proof Held Properly Allowed.**

2. Where testimony showed that there was due plaintiff sum of $73.73, instead of $62.50, as averred in complaint on first cause of action, *held*, that under Section 102, Or. L., court properly permitted plaintiff to amend complaint in conformity to proof, especially where testimony as to amount went in without objection and amendment required no different testimony than that already admitted.

**Judgment—Evidence, Tending to Show That Claims Asserted as Counterclaim were Actually Paid to Defendant in Suit by Him Against Another, Properly Admitted to Defeat Counterclaim.**

3. Testimony that demand recovered by defendant in former suit against bank was really a debt of present plaintiff *held* competent to show that claims asserted as counterclaim in present action were actually paid to defendant, the judgment in former case being conclusive only as between parties and their privies, and not as to strangers.

**Evidence—Letter Held Properly Admitted to Show Admission on Part of Defendant That Claim Recovered Against Another was in Reality Debt of Plaintiff.**

4. Letter written by defendant to plaintiff, respecting claim which defendant recovered in suit against another, was properly admitted to show admission by defendant that claim was in reality same debt which in subsequent suit defendant asserted as counterclaim against plaintiff's demand.

See (1) 15 **C. J.** 895; 31 **Cyc.** 448. (2) 34 **C. J.** 1043; 30 **Cyc.** 1287. (3) 22 **C. J.** 303.

From Deschutes: T. E. J. DUFFY, Judge.

In Banc.

MOTION DENIED.

For the motion, *Mr. Ross Farnham.*

*Contra, Mr. R. B. Parsons.*

PER CURIAM.—The plaintiff and respondent has filed at Salem a motion ''for an order that the appeal

2. Trial amendments, see note in 5 **Ann. Cas.** 674. See, also, 21 **R. C. L.** 578.

3. See 15 **R. C. L.** 1007.

4. See 1 **R. C. L.** 476.

in the above-entitled cause be heard before the court at Salem instead of at Pendleton at which place the record is now filed." The appeal here involved is from the Circuit Court for Deschutes County. Section 3052, Or. L., reads thus:

"The transcripts in all appeals taken from any circuit court in any county lying east of the Cascade mountains, except Wasco, Crook, Sherman, Klamath, and Lake, shall be forwarded to the clerk of said supreme court at Pendleton, and said causes shall be heard and determined there, unless otherwise stipulated between the parties or ordered by the court. The transcripts in all appeals taken from Wasco, Crook, or Sherman counties, unless otherwise stipulated by the parties, shall be forwarded to the next succeeding term of said supreme court after the appeal shall be perfected, and if said next succeeding term after the perfection of said appeal shall be held at Salem, then the cause shall go to that place for hearing and decision, and the transcript shall be forwarded there by the first day of said term of court, as aforesaid; but in case the next succeeding term of the supreme court after such appeal shall be perfected shall be held at Pendleton, then said cause shall be heard and determined at Pendleton, and such transcript shall be forwarded by the first day of said term at Pendleton, and appeals taken from the circuit courts in all other parts of the state shall be heard and determined at the capital, as now provided by law, unless otherwise stipulated between the parties or ordered by the court."

This statute was enacted in 1891 before the formation of Deschutes County, which was accomplished by Chapter 41 of the Laws of 1917.

1. The rule established by the section quoted carries all appeals from any Circuit Court in any county lying east of the Cascade Mountains to Pendleton for hearing. The exception to the rule requires appeals from the Circuit Courts of Wasco, Crook, Sherman,

Klamath and Lake Counties to be heard at Salem.
Manifestly the enactment does not constitute an irref-
ragable "covenant running with the land" then in-
cluded in the boundaries of Crook County. Legisla-
tion creating new counties, without anything further
being said respecting procedure on appeal, takes the
territory in the new county out of the exception and
puts it at large under the rule, including it in the
designation "any county lying east of the Cascade
Mountains." The appeal is properly cognizable at
Pendleton. The motion to transfer the record to
Salem is denied.

ON THE MERITS.

(236 Pac. 756.)

AFFIRMED.

For appellant there was a brief and oral argument
by *Mr. R. B. Parsons.*

For respondent there was a brief over the name of
*Mr. Ross Farnham.*

BURNETT, J.—The complaint in this case is for
two causes of action, one for an account stated be-
tween the plaintiff and defendant whereby it was
determined that the defendant was indebted to the
plaintiff in the sum of $62.50. The second cause
was substantially for money had and received, in that
the defendant had collected from a third party $200
as rental of some land belonging to the plaintiff, for
which the defendant had failed to account to the
plaintiff. The balance mentioned in the first cause
of action grew out of a joint adventure in agricul-
ture during the farming season of 1920. The answer
admits that the parties engaged in that adventure,

but otherwise denies the first cause of action. The answer likewise admits that the defendant collected the sum of $200 mentioned, but denies that it has not been accounted for.

For a first affirmative defense by way of counter-claim the defendant charges in substance that there is $100 due him from the plaintiff for work on the latter's ranch from November 11, 1919, to and including December 31, 1919. A second counterclaim is to the effect that between December 6, 1919, and October 20, 1920, the defendant advanced money, bought provisions and furnished seed grain to the plaintiff for which there is a balance due of $164.89, which the plaintiff has failed to pay. For a third counterclaim against the plaintiff the defendant counts upon a check issued by the plaintiff to one M. Raber for $180, of which the defendant claims to be the owner as an indorsee thereof, and which he avers in substance was presented to the bank on which it was drawn and payment thereof was refused which he claims has never been paid except as thereinafter admitted, although the defendant "has often requested the plaintiff so to do." In what is termed a fourth further and separate answer the defendant avers in substance that on account of the indebtedness claimed in the previous separate answers the defendant has paid an aggregate of $340, but denies that any other or further payments have been made on the indebtedness.

The reply avers payment and settlement of the amounts claimed in the first and second counterclaims, denies that the defendant was the owner of the check at the commencement of the action and denies that demands have been made upon the plaintiff for payment. A jury trial on these issues re-

sulted in a judgment and verdict for the plaintiff from which the defendant appeals.

2. There is testimony to the effect that during the farming season of 1920 the plaintiff and defendant engaged in raising a crop on farm land in Lake County; that after the harvest was finished they had an accounting and settlement whereby it was agreed and determined between them that there was due the plaintiff the sum of $73.73 instead of $62.50 as averred in the complaint. This testimony is not disputed in anywise. Before closing his case in chief the defendant moved to insert in the complaint on the first cause of action the amount of $73.73 instead of $62.50, and this was granted over the exception of the defendant. This is clearly permissible under Section 102, Or. L., which allows an amendment at any time before the cause is submitted, "when the amendment does not substantially change the cause of action or defense, by conforming the pleading or proceeding to the facts proved." The testimony as to the amount, $73.73, went in without objection, was not controverted in any manner and the amendment required no other or different testimony than that already admitted. No error can be predicated on account of that ruling of the court.

There was testimony likewise to the effect that in November, 1920, the plaintiff and the defendant had a settlement of their accounts between them whereby there was found and agreed that the plaintiff owed the defendant $956.97 for his services on the ranch of the plaintiff in the way of caring for cattle and for various items, including the $100 charged in the first counterclaim and the sum of $164.89 charged in the second counterclaim in this action. There is also evidence to the effect that the defendant as plaintiff had brought an action against

the Central Oregon Bank and one of its officers to recover this identical sum of $956.97 on the claim that the defendant here had taken care of the cattle of this plaintiff at the instance of the bank and its officer because they had a chattel mortgage on the cattle. The defendant here succeeded in recovering that amount from the bank, the judgment was paid and the plaintiff here reimbursed the bank for its payment of that judgment. At least there was testimony from which the jury was authorized to deduce that result.

3. The principal assignments of error have to do with the court's ruling in allowing testimony to be given relative to what was included as items making up the amount of recovery in the judgment against the bank. The court charged the jury respecting that judgment as follows:

"You are charged, gentlemen of the jury, that the only purpose for which you may consider the former case, or the evidence in this case as to the former case, is whether such judgment included the sums of one hundred forty-six dollars and eighty-nine cents and the sum of two hundred dollars rent collected from O'Keefe for the property described in the pleadings here. In other words, whether these sums were included in the former judgment, and whether by such judgment they were paid and satisfied. That is the only consideration that you may give to that testimony. I direct your attention to that especially because it is of importance to both sides. If you find that they were settled and paid in a former judgment to the plaintiff in that proceeding, the defendant here, then you would not be authorized to allow the defendant anything in this case, because a debt that is once paid is paid no matter by whom it is paid; on the other hand, if you find said items as set up in defendant's answer, were not settled and paid in the former suit, and you further find that the defendant has by a preponderance of the evidence

established that such sums are due the defendant, then and in that event you will be entitled to find in favor of the defendant for such sums and such amounts as you find have been proven in this case.''

There was testimony from which the jury were entitled to believe that the demand asserted by the present defendant against the bank was really the debt of the plaintiff here and that by using the care of the chattel mortgaged cattle as a basis the defendant had succeeded in recovering that amount from the bank, although it was due from the present plaintiff. It was competent, therefore, to show that these claims asserted as counterclaims in this action were in truth actually paid to the defendant here. In such case he could not again recover them from anyone. The testimony was admissible to defeat those counterclaims and the jury was correctly instructed on that subject. The judgment was conclusive only as between the parties to it and their privies. It could not and did not bind any stranger. It was not assailed in any way by anything said or done as disclosed by the record in this case. The common sense of the situation is that if the counterclaims of the defendant here were paid to him once he cannot assert them again.

There was some testimony by a witness who was acting for the plaintiff here in making a statement of account between the parties in which he referred to a memorandum made by him in a book in the form of an account headed:

"UR Land & Live Stock of Bend,
·in account J. H. Cummings.''

That was explained by other testimony tending to show that the plaintiff here was the owner of that brand of cattle and that it was concerning these self-same cattle that the account was made. The

entries in the book were used by the witness to refresh his recollection as to the items included in the statement.

4. For the purpose of showing that the counterclaim upon which the defendant recovered from the bank was really the debt of the plaintiff here, the plaintiff introduced a letter admittedly written by the present defendant on February 28, 1921, addressed to an attorney representing the present plaintiff respecting the claim mentioned. It seems from other correspondence introduced in evidence that the defendant here was urging payment of his claim which had already been agreed upon and this letter has reference to an offer of a lease and bill of sale of personal property in payment of the claim, which the defendant rejected as not satisfactory. It was in no sense an offer of compromise. It was admitted solely for the purpose of showing an admission on the part of the present defendant that the claim which he urged against the bank was in reality the debt of the present plaintiff.

We discern no error in the proceedings and therefore affirm the judgment.          AFFIRMED.

BROWN, J., took no part in the hearing or decision of this case.